1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone: (213) 430-3400
    Facsimile: (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-6490-CRB
                                       )
    This document relates to           )
21  MELVIN DAVIS, et al.,              )  **PFIZER INC., PHARMACIA
                                       )  CORPORATION, AND G.D.
22              Plaintiffs,            )  SEARLE, LLC'S ANSWER TO
                                       )  COMPLAINT**
23        vs.                          )
                                       )  **JURY DEMAND ENDORSED
24  PFIZER, INC., PHARMACIA CORPORATION,)  HEREIN**
    and G.D. SEARLE, LLC,              )
25                                     )
                Defendants.            )
26                                     )
                                       )
27  _____ )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4    "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5    respectfully show the Court as follows:

6    ## I.

7    ## PRELIMINARY STATEMENT

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

10   Defendants may seek leave to amend this Answer when discovery reveals the specific time

11   periods in which Plaintiffs were prescribed and used Bextra®.

12   ## II.

13   ## ANSWER

14   ## Response to Allegations Regarding Parties

15   1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16   deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

18   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

21   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

22   providers who are by law authorized to prescribe drugs in accordance with their approval by the

23   FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

28   and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2.     Defendants are without knowledge or information sufficient to form a belief as to the

2     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

3     Defendants deny the remaining allegations in this paragraph of the Complaint.

4     3.     Defendants are without knowledge or information sufficient to form a belief as to the

5     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

6     Defendants deny the remaining allegations in this paragraph of the Complaint.

7     4.     Defendants are without knowledge or information sufficient to form a belief as to the

8     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

9     Defendants deny the remaining allegations in this paragraph of the Complaint.

10     5.     Defendants are without knowledge or information sufficient to form a belief as to the

11     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

12     Defendants deny the remaining allegations in this paragraph of the Complaint.

13     6.     Defendants are without knowledge or information sufficient to form a belief as to the

14     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

15     Defendants deny the remaining allegations in this paragraph of the Complaint.

16     7.     Defendants are without knowledge or information sufficient to form a belief as to the

17     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

18     Defendants deny the remaining allegations in this paragraph of the Complaint.

19     8.     Defendants are without knowledge or information sufficient to form a belief as to the

20     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

21     Defendants deny the remaining allegations in this paragraph of the Complaint.

22     9.     Defendants are without knowledge or information sufficient to form a belief as to the

23     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

24     Defendants deny the remaining allegations in this paragraph of the Complaint.

25     10.     Defendants are without knowledge or information sufficient to form a belief as to the

26     truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

27     Defendants deny the remaining allegations in this paragraph of the Complaint.

28     11.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

2  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  12.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

5  Defendants deny the remaining allegations in this paragraph of the Complaint.

6  13.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

8  Defendants deny the remaining allegations in this paragraph of the Complaint.

9  14.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

11  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  15.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  16.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

17  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  17.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  18.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

22  business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

23  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

24  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

25  Bextra® in the United States, including California, Mississippi, and Illinois, to be prescribed by

26  healthcare providers who are by law authorized to prescribe drugs in accordance with their

27  approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in

28  interest" are vague and ambiguous.  Defendants are without knowledge or information to form

a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

20.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, Michigan, and Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

## Response to Allegations Regarding Jurisdiction and Venue

21.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same. However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

2  committing a tort in the States of California, Mississippi, and North Dakota and deny the

3  remaining allegations in this paragraph of the Complaint.

4  24.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5  and co-promoted Bextra® in the United States, including California and Michigan, to be

6  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

7  with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

8  was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

9  and distributed Bextra® in the United States to be prescribed by healthcare providers who are

10  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

11  admit that they provided FDA-approved prescribing information regarding Bextra®.

12  Defendants admit that they do business in the State of California.  Defendants state that

13  Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.

14  Defendants are without knowledge or information to form a belief as to the truth of such

15  allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

16  remaining allegations in this paragraph of the Complaint.

17  **Response to Allegations Regarding Interdistrict Assignment**

18  25.    Defendants state that this paragraph of the Complaint contains legal contentions to

19  which no response is required.  To the extent that a response is deemed required, Defendants

20  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

21  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

22  Panel on Multidistrict Litigation on September 6, 2005.

23  **Response to Factual Allegations**

24  26.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

26  Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiffs injury

27  or damage, and deny the remaining allegations in this paragraph of the Complaint.

28  27.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

28.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

29.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

30.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

31.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

32.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

33.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

34.      Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

2    Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury

3    or damage, and deny the remaining allegations in this paragraph of the Complaint.

4    42.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding Plaintiff's medical condition and whether Plaintiffs used

6    Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

7    Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

8    paragraph of the Complaint.

9    43.    Defendants admit that Bextra® was expected to reach consumers without substantial

10   change from the time of sale.  Defendants are without knowledge or information sufficient to

11   form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and,

12   therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

13   Complaint.

14   44.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants are without knowledge or information sufficient to form a belief as to the truth of

19   the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.

20   Defendants deny remaining the allegations in this paragraph of the Complaint.

21   45.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

22   steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

23   and effective when used in accordance with its FDA-approved prescribing information.

24   Defendants state that the potential effects of Bextra® were and are adequately described in its

25   FDA-approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny the remaining allegations in this

27   paragraph of the Complaint.

28   46.    The allegations in this paragraph of the Complaint are not directed toward Defendants

1    and, therefore, no response is required.    To the extent a response is deemed required,
2    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this
3    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to
4    form a belief as to the truth of such allegations and, therefore, deny the same.

5    47.    The allegations in this paragraph of the Complaint are not directed toward Defendants
6    and, therefore, no response is required.    To the extent a response is deemed required,
7    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this
8    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to
9    form a belief as to the truth of such allegations and, therefore, deny the same.

10    48.    The allegations in this paragraph of the Complaint are not directed toward Defendants
11    and, therefore, no response is required.    To the extent a response is deemed required,
12    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this
13    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to
14    form a belief as to the truth of such allegations and, therefore, deny the same.

15    49.    The allegations in this paragraph of the Complaint are not directed toward Defendants
16    and, therefore, no response is required.    To the extent a response is deemed required,
17    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this
18    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to
19    form a belief as to the truth of such allegations and, therefore, deny the same.

20    50.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the
21    Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth
22    of such allegations and, therefore, deny the same.

23    51.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are
24    vague and ambiguous.  Defendants are without knowledge or information to form a belief as to
25    the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful
26    conduct and deny the remaining allegations in this paragraph of the Complaint.

27    52.    Plaintiffs do not allege having used Celebrex® in this Complaint.    Nevertheless,
28    Defendants admit that Celebrex® was launched in the United States in February 1999.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-10-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2   FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

3   Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

4   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5   with their approval by the FDA.  Defendants admit that, during certain periods of time,

6   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

7   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

8   providers who are by law authorized to prescribe drugs in accordance with their approval by the

9   FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

10  directed toward Defendants and, therefore, no response is required.  To the extent a response is

11  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

12  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants

13  therefore lack sufficient information or knowledge to form a belief as to the truth of such

14  allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

15  paragraph of the Complaint.

16  53.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA

17  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

18  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

19  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

20  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

21  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

22  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

23  this paragraph of the Complaint.

24  54.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

25  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

26  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

27  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

28  allegations in this paragraph of the Complaint.

55.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Court to the article for its actual language and text.  Any attempt to characterize the article is

2    denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

4    this paragraph of the Complaint.

5    59.    The allegations in this paragraph of the Complaint are not directed towards Defendants

6    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

7    state that the referenced article speaks for itself and respectfully refer the Court to the article for

8    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

9    the remaining allegations in this paragraph of the Complaint.

10    60.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

11    on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

12    16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this

13    paragraph of the Complaint.

14    61.    Defendants state that Bextra® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Bextra® were and are adequately described in its FDA-approved prescribing information,

17    which at all times was adequate and comported with applicable standards of care and law.

18    Defendants deny the allegations in this paragraph of the Complaint.

19    62.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

20    respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

21    characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

22    paragraph of the Complaint.

23    63.    Defendants state that the referenced article speaks for itself and respectfully refer the

24    Court to the article for its actual language and text.  Any attempt to characterize the article is

25    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26    64.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug

27    approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

28    sufficient information to confirm or deny such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

2  the study for its actual language and text.  Any attempt to characterize the study is denied.

3  Defendants deny the remaining allegations in this paragraph of the Complaint.

4  65.     The allegations in this paragraph of the Complaint are not directed towards Defendants

5  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

6  state that the referenced article speaks for itself and respectfully refer the Court to the article for

7  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

8  the remaining allegations in this paragraph of the Complaint.

9  66.     The allegations in this paragraph of the Complaint are not directed towards Defendants

10  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

11  admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

12  Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

13  referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

14  actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

15  deny the remaining allegations in this paragraph of the Complaint.

16  67.     Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

18  deny the remaining allegations in this paragraph of the Complaint.

19  68.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

20  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

21  and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  69.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

24  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

25  and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

26  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  70.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.   Defendants deny the allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

paragraph of the Complaint.

71.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

73.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

74.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

75.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.     Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

77.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

78.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

81.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    state that the potential effects of Bextra® were and are adequately described in its FDA-

2    approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.   Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    82.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.   Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which at all times was adequate and comported with applicable standards of care and law.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10   83.    Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.   Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   84.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.   Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   85.    Defendants deny the allegations in this paragraph of the Complaint.

23   86.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

24   as of April 7, 2005.   Defendants deny any wrongful conduct and deny the remaining allegations

25   contained in this paragraph of the Complaint.

26   87.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.   Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-6490-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

3    allegations in this paragraph of the Complaint.

4    88.      Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10   89.      Defendants deny any wrongful conduct and deny the remaining allegations in this

11   paragraph of the Complaint.

12   90.      Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

17   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

18   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

19   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

20   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

21   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

22   with their approval by the FDA.   Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   91.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

26   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

28   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

94.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

95.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

96.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

97.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

98.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

99.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

104.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra®
was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted
and distributed Bextra® in the United States to be prescribed by healthcare providers who are
by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants
state that Bextra® was and is safe and effective when used in accordance with its FDA-
approved prescribing information. Defendants state that the potential effects of Bextra® were
and are adequately described in its FDA-approved prescribing information, which was at all
times adequate and comported with applicable standards of care and law. Defendants deny the
remaining allegations in this paragraph of the Complaint.

106.    Defendants state that Bextra® was and is safe and effective when used in accordance
with its FDA-approved prescribing information. Defendants state that the potential effects of
Bextra® were and are adequately described in its FDA-approved prescribing information,
which was at all times adequate and comported with applicable standards of care and law.
Defendants deny the allegations in this paragraph of the Complaint.

107.    Defendants state that Bextra® was and is safe and effective when used in accordance
with its FDA-approved prescribing information. Defendants state that the potential effects of
Bextra® were and are adequately described in its FDA-approved prescribing information,
which was at all times adequate and comported with applicable standards of care and law.
Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining
allegations in this paragraph of the Complaint.

108.    Defendants state that this paragraph of the Complaint contains legal contentions to
which no response is deemed required.   To the extent a response is deemed required,
Defendants state that Bextra® was and is safe and effective when used in accordance with its
FDA-approved prescribing information. Defendants state that the potential effects of Bextra®
were and are adequately described in its FDA-approved prescribing information, which was at
all times adequate and comported with applicable standards of care and law. Defendants deny
that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph
of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

109.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.    To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

2    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

3    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

4    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

5    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

6    with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is

7    defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining

8    allegations in this paragraph of the Complaint.

9    113.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Bextra® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny the remaining allegations in this paragraph of the Complaint.

14   114.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

16   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny the remaining allegations in this paragraph of the Complaint.

21   115.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

23   deny the remaining allegations in this paragraph of the Complaint.

24   116.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

26   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph

3    of the Complaint.

4    117.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    118.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    119.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10          **Response to Third Cause of Action: Breach of Express Warranty**

11    120.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12    Complaint as if fully set forth herein.

13    121.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendants state that the potential effects of

17    Bextra® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants admit that they provided FDA-approved prescribing information regarding

20    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21    122.    Defendants are without knowledge or information sufficient to form a belief as to the

22    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

23    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.  Defendants state that the potential effects of

25    Bextra® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendants admit that they provided FDA-approved prescribing information regarding

28    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-26-

ANSWER TO COMPLAINT – 3:07-cv-6490-CRB

1    including all subparts.

2    123.    Defendants deny the allegations in this paragraph of the Complaint.

3    124.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants admit that they provided FDA-approved prescribing information regarding

8    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9    125.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Bextra® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants admit that they provided FDA-approved prescribing information regarding

14   Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

15   the Complaint.

16   126.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

18   same.  Defendants admit that they provided FDA-approved prescribing information regarding

19   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20   127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the remaining allegations in this paragraph of the Complaint.

22   128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

23   damage, and deny the remaining allegations in this paragraph of the Complaint.

24   129.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

25   damage, and deny the remaining allegations in this paragraph of the Complaint.

26              **Response to Fourth Cause of Action: Breach of Implied Warranty**

27   130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

28   Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    131.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

2    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

3    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

4    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

5    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

6    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

7    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    132.    Defendants admit that they provided FDA-approved prescribing information regarding

10   Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

11   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

12   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

13   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

14   prescribing information.  Defendants deny the remaining allegations in this paragraph of the

15   Complaint.

16   133.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

18   same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

19   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

20   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

21   the remaining allegations in this paragraph of the Complaint.

22   134.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

24   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

26   this paragraph of the Complaint.

27   135.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-28-

ANSWER TO COMPLAINT – 3:07-cv-6490-CRB

same.  Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

140.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

141.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint, including all subparts.

4    143.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10   144.    Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

15   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

16   145.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   146.    Defendants deny any wrongful conduct and deny the remaining allegations in this

23   paragraph of the Complaint.

24   147.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

26   same.   Defendants deny any wrongful conduct and deny the remaining allegations in this

27   paragraph of the Complaint.

28   148.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

2    same.   Defendants deny any wrongful conduct and deny the remaining allegations in this

3    paragraph of the Complaint.

4    149.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

6    same.   Defendants deny any wrongful conduct and deny the remaining allegations in this

7    paragraph of the Complaint.

8    150.    Defendants deny any wrongful conduct and deny the remaining allegations in this

9    paragraph of the Complaint.

10   151.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

12   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   152.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   153.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the remaining allegations in this paragraph of the Complaint.

22   154.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

23   damage, and deny the remaining allegations in this paragraph of the Complaint.

24   **Response to Sixth Cause of Action: Unjust Enrichment**

25   155.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26   Complaint as if fully set forth herein.

27   156.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

1   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

2   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

3   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

4   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5   accordance with their approval by the FDA. Defendants deny the remaining allegations in this

6   paragraph of the Complaint.

7   157.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

9   same. Defendants deny the remaining allegations in this paragraph of the Complaint.

10  158.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

12  same. Defendants deny the remaining allegations in this paragraph of the Complaint.

13  159.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15  same. Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  160.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

20  same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22  161.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

23  damage, and deny the remaining allegations in this paragraph of the Complaint.

24  **Response to Prayer for Relief**

25      Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

26  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

27  and deny the remaining allegations in this paragraph of the Complaint.

28  162.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  damage, and deny the remaining allegations in this paragraph of the Complaint.

2  163.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

3  damage, and deny the remaining allegations in this paragraph of the Complaint.

4  164.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5  damage, and deny the remaining allegations in this paragraph of the Complaint.

6  165.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

7  damage, and deny the remaining allegations in this paragraph of the Complaint.

8  166.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

9  damage, and deny the remaining allegations in this paragraph of the Complaint.

10  167.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

11  damage, and deny the remaining allegations in this paragraph of the Complaint.

12  168.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  169.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  170.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

17  damage, and deny the remaining allegations in this paragraph of the Complaint.

18  ### III.

19  ### GENERAL DENIAL

20  Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

21  Complaint that have not been previously admitted, denied, or explained.

22  ### IV.

23  ### AFFIRMATIVE DEFENSES

24  Defendants reserve the right to rely upon any of the following or additional defenses to

25  claims asserted by Plaintiffs to the extent that such defenses are supported by information

26  developed through discovery or evidence at trial.  Defendants affirmatively show that:

27  ### First Defense

28  1.    The Complaint fails to state a claim upon which relief can be granted.

1

**Second Defense**

2  2.    Bextra® is a prescription medical product.  The federal government has preempted the

3  field of law applicable to the labeling and warning of prescription medical products.

4  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

5  federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

6  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

7  and violate the Supremacy Clause of the United States Constitution.

8

**Third Defense**

9  3.    At all relevant times, Defendants provided proper warnings, information and

10 instructions for the drug in accordance with generally recognized and prevailing standards in

11 existence at the time.

12

**Fourth Defense**

13 4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

14 Bextra® conformed to the generally recognized, reasonably available, and reliable state of

15 knowledge at the time the drug was manufactured, marketed and distributed.

16

**Fifth Defense**

17 5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

18 applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

19

**Sixth Defense**

20 6.    Plaintiffs' action is barred by the statute of repose.

21

**Seventh Defense**

22 7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the

23 Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs'

24 damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

25 negligence and by the failure to mitigate damages.

26

**Eighth Defense**

27 8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

28 omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-ninth Defense**

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the States of California, Mississippi, and North Dakota, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

1

**Thirty-seventh Defense**

2    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6

**Thirty-eighth Defense**

7    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11    Amendment of the United States Constitution, the Commerce Clause of the United States

12    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

13    Constitution of the States of California, Mississippi, and North Carolina.  Any law, statute, or

14    other authority purporting to permit the recovery of punitive damages in this case is

15    unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

16    constitutionally sufficient standards to guide and restrain the jury's discretion in determining

17    whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

18    it failed to provide adequate advance notice as to what conduct will result in punitive damages;

19    (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied

20    with applicable law, or conduct that was not directed, or did not proximately cause harm, to

21    Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

22    and  proportionate  to  the  amount  of  harm,  if  any,  to  Plaintiffs  and  to  the  amount  of

23    compensatory damages, if any; (5) permits jury consideration of net worth or other financial

24    information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

25    by  the  trial  court  in  post-verdict  review  of  any  punitive  damages  awards;  (7)  lacks

26    constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

27    otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

28    *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources,*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

*Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    claimants and each and every other person whose fault could have contributed to the alleged

2    injuries and damages, if any, of Plaintiffs.

3    **Fifty-second Defense**

4    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

5    common law gives deference to discretionary actions by the United States Food and Drug

6    Administration under the Federal Food, Drug, and Cosmetic Act.

7    **Fifty-third Defense**

8    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

9    comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

10    ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs'

11    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

12    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

13    and with the specific determinations by FDA specifying the language that should be used in the

14    labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

15    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

16    United States.

17    **Fifty-fourth Defense**

18    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

19    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

20    **Fifty-fifth Defense**

21    55.    Defendants state on information and belief that the Complaint and each purported cause

22    of action contained therein is barred by the statutes of limitations contained in California Code

23    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

24    may apply.

25    **Fifty-sixth Defense**

26    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

27    by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

2    Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

3    **Fifty-seventh Defense**

4    57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

5    Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

6    Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

7    damages is also barred under California Civil Code § 3294(b).

8    **Fifty-eighth Defense**

9    58.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs'

10   claims are barred because Defendants did not make or breach any express or implied

11   warranties, Plaintiffs failed to give reasonable notice to Defendants of any alleged breach or

12   breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

13   **Fifty-ninth Defense**

14   59.    Any verdict or judgment rendered against Defendant must be reduced under the laws of

15   the State of Mississippi by those amounts which have been, or will, with reasonable certainty,

16   replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or

17   employee benefits programs.  Plaintiffs may have settled their claims for alleged injuries and

18   damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the

19   amount of any such settlement heretofore made between Plaintiffs and any such parties.

20   **Sixtieth Defense**

21   60.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing

22   exemplary damage awards which arise under the United States Constitution and decisions of

23   the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589

24   (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and

25   *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi

26   Constitution, statutes, and decisions of Mississippi courts.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Sixty-first Defense**

61.    Defendant asserts that Plaintiffs' claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

**Sixty-second Defense**

62.    Bextra® and the Defendants' actions conformed to the state of the art medical and scientific knowledge at all times relevant to this lawsuit and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

**Sixty-third Defense**

63.    Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

**Sixty-fourth Defense**

64.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

**Sixty-fifth Defense**

65.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendant in any possible future litigation.

**Sixty-sixth Defense**

66.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to ward, are unconstitutional in that, among other things, they are void for vagueness and undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Sixty-seventh Defense**

2    67.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

3    Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any

4    award of punitive damages is barred.

5    **Sixty-eighth Defense**

6    68.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring

7    such claims.

8    **Sixty-ninth Defense**

9    69.    Defendants reserve the right to supplement their assertion of defenses as they continue

10   with their factual investigation of Plaintiffs' claims.

11   **V.**

12   **PRAYER**

13   WHEREFORE, Defendants pray for judgment as follows:

14   1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

15   2.    That the Complaint be dismissed;

16   3.    That Defendants be awarded their costs for this lawsuit;

17   4.    That the trier of fact determine what percentage of the combined fault or other liability

18        of all persons whose fault or other liability proximately caused Plaintiffs' alleged

19        injuries, losses or damages is attributable to each person;

20   5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

21        than an amount which equals their proportionate share, if any, of the total fault or other

22        liability which proximately caused Plaintiffs' injuries and damages; and

23   6.    That Defendants have such other and further relief as the Court deems appropriate.

24

25

26

27

28

1    March 7, 2008                                    GORDON & REES LLP

2

3                                                     By: :_____/s/_____

4                                                        Stuart M. Gordon
                                                         sgordon@gordonrees.com
5                                                        Embarcadero Center West
                                                         275 Battery Street, 20th Floor
6                                                        San Francisco, CA 94111
                                                         Telephone:  (415) 986-5900
7                                                        Fax:  (415) 986-8054

8    March 7, 2008                                    TUCKER ELLIS & WEST LLP
9                                                    .
10

11                                                    By: :_____/s/_____

12                                                       Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
13                                                       515 South Flower Street, Suite 4200
                                                         Los Angeles, CA  90071-2223
14                                                       Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409

15                                                       Attorneys for Defendants
16                                                       PFIZER INC., PHARMACIA
                                                         CORPORATION, AND G.D. SEARLE
17                                                       LLC

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-6490-CRB

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  March 7, 2008                          GORDON & REES LLP

6

7                                          By: :_____/s/_____

8                                          Stuart M. Gordon
9                                          sgordon@gordonrees.com
                                           Embarcadero Center West
10                                         275 Battery Street, 20th Floor
                                           San Francisco, CA  94111
11                                         Telephone:  (415) 986-5900
                                           Fax:  (415) 986-8054
12

13  March 7, 2008                          TUCKER ELLIS & WEST LLP

14

15                                         By: :_____/s/_____

16                                         Michael C. Zellers
                                           michael.zellers@tuckerellis.com
17                                         515 South Flower Street, Suite 4200
                                           Los Angeles, CA 90071-2223
                                           Telephone:  (213) 430-3400
18                                         Fax:  (213) 430-3409

19                                         Attorneys for Defendants
20                                         PFIZER INC., PHARMACIA
                                           CORPORATION, AND G.D. SEARLE
21                                         LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111